O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WEST,<br><br>           Plaintiff,<br><br>    vs.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>           Defendant. | Case No. CV 13-6070 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

Plaintiff filed a Complaint herein on August 28, 2013, seeking review of the Commissioner's denial of his application for Supplemental Security Income ("SSI") and a period of disability and Disability Insurance Benefits ("DIB"). In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on May 6, 2014. Thus, this matter now is ready for decision.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined (continued...)

1

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly included all of plaintiff's "severe" impairments in his step two determination.

2. Whether remand for further administrative proceedings is warranted for consideration of a subsequent favorable decision by the Commissioner.

3. Whether the ALJ committed reversible error by not calling a vocational expert or medical expert at the administrative hearing.

4. Whether the ALJ properly determined plaintiff's residual functional capacity ("RFC").

## DISCUSSION

The threshold issue is whether this case should be remanded under Sentence Six of 42 U.S.C. § 405(g) for consideration of new and material evidence. (See Jt Stip at 11-19.) The evidence at issue is a favorable decision by the Commissioner that was issued after the ALJ's initial decision to deny benefits.

Background

On May 14, 2010, plaintiff protectively filed applications for DIB and SSI benefits, alleging disability since September 17, 2008. (See AR 13.) After the applications were denied initially and upon reconsideration, plaintiff requested an

---

[1](...continued)
which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

administrative hearing, which was held on January 6, 2012. (See AR 34.) On February 15, 2012, the ALJ issued a decision denying benefits. (See AR 13-21.)

Plaintiff sought review in the Appeals Council and submitted, for the first time, a medical opinion by Dr. Deltore-Diaz. (See AR 5, 369-72.) The Appeals Council received Dr. Deltore-Diaz's opinion and made it a part of the record. (See AR 5.) On June 24, 2013, the Appeals Council denied plaintiff's request for review. (See AR 1.)

Plaintiff filed, on an unknown date, a new application for disability benefits. In an award letter dated December 17, 2013, the Commissioner approved plaintiff's application and found that he was disabled as of June 27, 2013. (See Jt Stip, Exhibit A.) The award letter did not specify how the Commissioner calculated that disability onset date or what the Commissioner found to be the medical basis for plaintiff's disability. A letter by plaintiff's attorney requesting clarification from the Commissioner went unanswered. (See Jt Stip, Declaration and Letter by Erika Bailey Drake.)

Analysis

Pursuant to Sentence Six of 42 U.S.C. § 405(g), the Court has jurisdiction to remand the case to the Commissioner for the consideration of new evidence, but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See also, e.g., Allen v. Secretary of Health & Human Servs., 726 F.2d 1470, 1473 (9th Cir. 1984). To be material, the new evidence must bear directly and substantially on the matter in issue, and there must be a real possibility that the new evidence would have changed the outcome if it had been before the Commissioner. See Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986); Booz v. Secretary of Health & Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984). The good cause requirement is satisfied if new information surfaces after the Commissioner's final

1  decision and the claimant could not have obtained that evidence at the time of the
2  administrative proceeding. See Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985).
3       Here, the favorable decision issued after the ALJ's unfavorable decision is
4  clearly new, and there is good cause for plaintiff's failure to incorporate it into the
5  record earlier. See Burton v. Heckler, 724 F.2d 1415, 1418 (9th Cir. 1984) (noting
6  that the good cause requirement is met when the new evidence "did not exist at the
7  time of the ALJ's decision"). Accordingly, the only remaining issue to be decided is
8  whether this subsequent favorable decision is material and therefore worthy of further
9  administrative consideration of the factual issues.
10      In Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010), a panel of the Ninth
11 Circuit found that remand for further administrative proceedings under Sentence Six
12 was appropriate where a favorable decision that was issued in close proximity to an
13 initial denial could not be easily reconciled from the record before the court. By way
14 of contrast, in Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001), another Ninth
15 Circuit panel found that remand was not warranted where the record reflected that a
16 subsequent favorable decision involved "different medical evidence, a different time
17 period, and a different age classification."
18      The Court finds that Luna, rather than Bruton, governs here. Based on the
19 record before the Court, the initial denial and the subsequent favorable decision
20 cannot be easily reconciled, because the latter decision contains almost no pertinent
21 information, such as an explanation for the Commissioner's calculation of plaintiff's
22 disability onset date or the Commissioner's finding as to the medical basis for
23 disability. Since the Court cannot determine from the existing record whether the two
24 decisions are reconcilable or inconsistent, "further consideration of the factual issues
25 is appropriate to determine whether the outcome of the first application should be
26 different." See Luna, 623 F.3d at 1035 (citation omitted).
27      The Commissioner raises two arguments for why remand under Sentence Six
28 is unnecessary, both of which the Court rejects. First, the Commissioner points out

that the subsequent favorable decision in <u>Luna</u> had a disability onset date that fell only one day after the earlier denial of benefits, a temporal proximity that is absent in this case. (<u>See</u> Jt Stip at 14.) Here, there is a gap of 16 months between the date of the ALJ's initial decision denying benefits and the disability onset date of the Commissioner's subsequent favorable decision. However, it would be purely speculative for the Court to infer from this fact alone that the two different decisions could be easily reconciled. The length of time between the relevant dates for the two decisions is not dispositive. <u>See</u> <u>Melton v. Astrue</u>, 895 F. Supp. 2d 1054, 1057-58 (D. Or. 2012) (remanding for further proceedings where there was 14 month gap between date of initial denial of benefits and disability onset date of subsequent favorable decision). Moreover, it appears from the existing record that the subsequent favorable decision was not based on different medical evidence, that the time periods were not very far apart, and that plaintiff's age classification remained the same during the two decisions.

Second, the Commissioner argues that the "progressive nature" of plaintiff's impairments, such as his peripheral arterial disease, "enhances the probability that his subsequent award of benefits stemmed from evidence not relevant to the case at hand." (<u>See</u> Jt Stip at 15.) However, it again would be purely speculative for the Court to infer from this possibility that the two different decisions could be easily reconciled. The record does not clearly reflect the progressive nature of plaintiff's peripheral arterial disease. Moreover, plaintiff's initial application was based not just on peripheral arterial disease, but on multiple alleged impairments. (<u>See</u> AR 16.) By way of contrast, the subsequent favorable decision does not even specify the medical basis for the Commissioner's finding of disability. Accordingly, it is unclear from the record why the two decisions are different. <u>See</u> <u>Luna</u>, 523 F.3d at 1035 ("Given this uncertainty, remand for further factual proceedings was an appropriate remedy.")

Finally, the Court finds that the evidence submitted by plaintiff for the first time to the Appeals Council, the opinion of Dr. Deltore-Diaz, does not alter the

5

Court's opinion that remand under Sentence Six is appropriate. Dr. Deltore-Diaz's opinion consisted of a brief, one-page questionnaire addressing plaintiff's neuropathy (see AR 369), a condition that was already alleged and well-documented in the record before the initial decision denying benefits was issued (see AR 37, 49, 221, 224, 225). Accordingly, Dr. Deltore-Diaz's opinion is not sufficient for the Court to find that the two decisions could be easily reconciled because they involved different medical evidence or different time periods. See Evans v. Colvin, 525 Fed. Appx. 582, 584 (9th Cir. 2013) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (subsequent favorable decision was material where, although some new evidence was presented at the second proceeding, "it appears that some of the same or similar evidence was presented in both hearings").

Conclusion

In sum, the Court finds that, since it cannot easily reconcile the two administrative decisions from the record before the Court, further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different. As a result, it is unnecessary for the Court to resolve the remaining disputed issues. See, e.g., Evans, 525 Fed. Appx. at 584 (after remanding under Sentence Six in light of subsequent favorable decision, noting that "[w]e need not and do not reach any other issues urged by the parties on appeal"); Morales v. Colvin, 2013 WL 440692 at *4 n.3 (C.D. Cal. Feb. 5, 2013) (same); Ingels v. Colvin, 2013 WL 1500037 at *2 (C.D. Cal. Apr. 11, 2013) ("As this case is being remanded for further fact finding and consideration of any new evidence submitted during the second proceeding, resolution of the remaining issues raised by Plaintiff is unnecessary and premature.").

//
//
//

**ORDER**

IT THEREFORE IS ORDERED that, pursuant to Sentence Six of 42 U.S.C. § 405(g), this matter is remanded to the Commissioner of Social Security for further administrative proceedings and a new decision.[2]

DATED: June 3, 2014

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[2] It is not the Court's intent to limit the scope of the remand.